[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
STATE OF CONNECTICUT MAXIME HILL Date of Sentence March 11, 1994 Date of Application March 22, 1994 Date Application Filed March 30, 1994 Date of Decision November 27, 2001
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury.
Docket No. CR 92-209299
John Andreini Defense Counsel, for Petitioner CT Page 17357
Maureen Keegan. Assistant State's Attorney, for the State.
Sentence Affirmed.
 BY THE DIVISION:
The petitioner was convicted, following a trial by jury, of possession of more than one-half gram of cocaine with intent to sell by a person who is not drug-dependent (§ 21a-278 (a); and possession of heroin with the intent to sell (§ 21a-277 (a).
He was sentenced to a term of thirteen years on the first count and to a concurrent term of ten years on the second for a total effective sentence of thirteen years.
The factual basis for the convictions, reported in State v. Hill,237 Conn. 81 (1996), are as follows:
 On September 16, 1992, Sergeant Michael Ricci of the Waterbury police department was patrolling the north end of the city in a marked police cruiser. In the late morning, Ricci, who was alone in the vehicle, observed two men, the defendant and an unidentified male, engaged in conversation on the sidewalk opposite Ricci's cruiser, about 100 feet away, in front of 33 Irion Street. The unidentified male, who was facing in Ricci's direction, saw the cruiser approaching and hurriedly walked away, disappearing from Ricci's view into an adjacent alleyway. The defendant, who had been standing with his back to the cruiser, turned around and, upon observing the police vehicle, walked quickly toward the entrance to the first floor apartment at 33 Irion Street. Ricci, now about fifty feet away from the defendant, saw that he was holding a plastic "sandwich type" baggie.
 Ricci pulled his cruiser over to the opposite side of the road and parked it, against the traffic, in front of 33 Irion Street. As Ricci was exiting his vehicle, he observed the defendant enter the 33 Irion Street apartment and toss the plastic baggie to his CT Page 17358 right, just inside the doorway of the apartment. Ricci followed the defendant through the open doorway, observed the baggie on a couch located immediately to his right, and proceeded to the rear of the apartment, where he apprehended the defendant and detained him. Moments thereafter, a second police officer arrived at the apartment to assist Ricci, who then retrieved the baggie from the couch. A search of the baggie's contents revealed forty-four pink "zip-lock" bags, each containing a white, rock-like substance subsequently determined to be crack cocaine, three small glassine packets, each containing a white powder subsequently determined to be heroin, and several empty zip-lock bags.
The Petitioner's attorney argues in mitigation that the street value of the narcotics was only $440, that the petitioner, who is not a United States citizen, is deportable, and that the sentencing court, in its remarks, stressed that he brought crack cocaine from out of the state of Connecticut to sell it here, and considered that as a negative factor when, according to counsel there was no evidence as to the origin of the drugs.
In his comments to the Division, the petitioner expressed his remorse, and a desire to lead a life as a law abiding citizen.
The State's Attorney countered that there was trial testimony that Hill had come to Waterbury the day of his arrest. Indeed, the PSI indicates Hill resided with his mother in Freeport. Long Island, prior to his incarceration.
The petitioner is a repeat offender with convictions in New York for possession of a controlled substance, attempted robbery, 1st degree with a sentence of 18 to 54 months, a violation of parole, tampering with a witness and another prior conviction for possession of a controlled substance. He had done prison time previously as well, as indicated.
The petitioner appears to have had a good upbringing. His mother was a registered nurse and his sister a senior in college at the time of sentencing. Hill has himself taken several college courses and is clearly not unintelligent. With this background it only exacerbates matters that he has chosen a criminal life-style. Additionally, it was a reasonable inference for the Court to conclude that he had come to Waterbury to engage in the trafficking of narcotics.
The Review Division is empowered to reduce a sentence only if it is CT Page 17359 inappropriate or disproportionate pursuant to the several criteria of Practice Book § 43-28.
Under all the circumstances of this case, the Division finds the sentence to be reasonable, appropriate and proportionate.
It is affirmed.
Klaczak, Norko and Miano, J.s, participated in this decision.